IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MARK J. KRONENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 08-50128 |
| ) | |
| INTERNAL REVENUE SERVICE, ) | Judge Reinhard |
| ) | |
| ) | Mag. Judge Mahoney |
| Defendant. ) | |

UNITED STATES' MOTION TO DISMISS AND
BRIEF IN SUPPORT

NOW COMES the Defendant, the United States of America, improperly named and sued as the Internal Revenue Service ("IRS"), and hereinafter referred to as the United States, by its attorney, Patrick Fitzgerald, and moves this court pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the entry of an order dismissing the plaintiff's Complaint for lack of subject matter jurisdiction. This court lacks subject matter jurisdiction over the Plaintiff's claims because the United States has not waived its sovereign immunity. In the alternative, the Plaintiff has failed to state a claim upon which relief can be granted. In support of this motion, the United States represents as follows.

**I. Background**

The Plaintiff, proceeding pro se, filed his Complaint on July 1, 2008, seeking a declaratory judgment that he is not required to file Form 1040 tax returns or make estimated tax payments. The Plaintiff argues that he has renounced his status as a United States citizen and therefore he is not a "taxpayer" under federal law. Instead, he argues, he is an "inhabitant with

- 2 -

juristic benefits." The United States Attorney for the Northern District Illinois received a copy of the summons and complaint on July 2, 2008. It does not appear that the Plaintiff served a copy of the summons and complaint upon the Attorney General of the United States, as required by Federal Rule of Civil Procedure 4(i).[1]

As an initial matter, the United States is the proper party defendant in this case. In order for an agency, such as the IRS, to be subject to suit, Congress must so authorize in explicit language. Blackmar v. Guerre, 342 U.S. 512, 514 (1952) (executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress). The Plaintiff does not allege such authorization to sue the IRS, and the United States knows of none.

## II. Standard for Motions to Dismiss

"[I]t is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is whether the claimant is entitled to offer evidence to support its claims. Id. A motion to dismiss for failure to state a claim upon which relief can be granted should not be allowed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

---

[1] As a consequence, the United States has not been properly served, and the United States' time to answer the Complaint has not yet begun to run. See Fed. R. Civ. Proc. 4(i)(1)-(2). However, because it is apparent that the Court does not have jurisdiction over the plaintiff's claim, the United States is responding to the plaintiff's Complaint without waiting for proper formal service.

- 3 -

(1957).  This standard applies even though pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).

## II.  Argument

*A.    This Court Lacks Subject Matter Jurisdiction Because the United States Has Not Waived its Sovereign Immunity*

"It has long been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotation omitted).  Where Congress has provided for a specific waiver of sovereign immunity, the "limitations and conditions upon which the [United States] consents to be sued must be strictly observed, and exceptions thereto are not to be implied."  Soriano v. United States, 352 U.S. 270, 276 (1957).   The burden is on the plaintiff to demonstrate that the United States has waived its sovereign immunity as a basis for jurisdiction.  See, e.g., Hart v. FedEx Ground Package System, 457 F.3d 675, 679 (7th Cir. 2006) ("In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence.").

There is no waiver of sovereign immunity for a Plaintiff to seek a declaratory judgment in these circumstances.  28 U.S.C. § 2201(a) provides federal court jurisdiction for declaratory judgments "except with respect to Federal taxes . . . ."

- 4 -

Moreover, to the extent that the Plaintiff seeks some sort of injunctive relief, the Anti-Injunction Act deprives this court of jurisdiction to entertain the Plaintiff's claim. The Anti-Injunction Act states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court for any reason." 26 U.S.C. § 7421(a). The purpose of this act is to permit the United States to assess and collect taxes without judicial intervention. See Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974); see also Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a), jurisdiction is withdrawn from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes. 26 U.S.C. § 7421(a); see also Williams Packing, 370 U.S. at 7. The District Court is without jurisdiction over a suit for an injunction, unless it is clear that under no circumstances could the Government ultimately prevail and equity jurisdiction otherwise exists. See id.; see also Bob Jones Univ., 416 U.S. at 737. Unless both of these conditions are met, a suit for preventive injunctive relief must be dismissed. See Williams Packing, 370 U.S. at 7. The exceptions to the Anti-Injunction Act do not apply to this case, and thus, this Court does not have jurisdiction to entertain Plaintiff's claims for injunctive relief.

Because this Court does not have subject matter jurisdiction over the Plaintiff's claims for declaratory and/or injunctive relief, the Plaintiff's complaint must be dismissed.

> B.　　*In the alternative, the Plaintiff has Failed to State a Claim Upon which Relief can be Granted*

Even if there were subject matter jurisdiction, the Plaintiff's Complaint fails to state a claim upon which relief can be granted. "Inhabitant without juristic benefits" is not a legally recognized status. Even if it were, it would not exempt the Plaintiff from the U.S. income tax

- 5 -

laws. The argument that a person who was born in the United States, lives in the United States, and earns income in the United States is somehow a non-U.S. citizen that is exempt from U.S. tax has been rejected by the courts numerous times. See <u>Ambort v. United States</u>, 392 F.3d 1138, 1140-1141 (10th Cir. 2004); <u>United States v. Hanson</u>, 2 F.3d 942, 945 (9th Cir. 1993); <u>United States v. Cheek</u>, 882 F.2d 1263, 1269 (7th Cir. 1989), <u>vacated on other grounds</u>, 498 U.S. 192 (1991); <u>United States v. Studley</u>, 783 F.2d 934, 937 (9th Cir. 1986). The application of the Internal Revenue Code is not limited to U.S. citizens; the Code applies to any "person." See 26 U.S.C. § 7701(a)(1), (a)(14). In such circumstances, the Plaintiff's Complaint has failed to state any claim upon which relief could be granted, and it should accordingly be dismissed.

### III. Conclusion

Based on the foregoing, the United States' Motion to Dismiss the Plaintiff's Complaint should be granted.

Respectfully submitted,

PATRICK FITZGERALD
United States Attorney


*/s/ Christine S. Hooks*
CHRISTINE S. HOOKS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
Telephone: (202) 514-6060
Fax: (202) 514-5238
Email: Christine.S.Hooks@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Motion to Dismiss and Brief in Support has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 2nd day of September, 2008:

>Mark J. Kronenberg
>P.O. Box 88
>Milledgeville, Illinois 61051

>*/s/ Christine S. Hooks*
>CHRISTINE S. HOOKS
>Trial Attorney, Tax Division